IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WESLEY HAMMONDS; | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| VS. | § § | JURY TRIAL DEMANDED |
| CLINTON RAWLS; AND DALE BROWN INC.; | § § § § § | |
| Defendants. | § § § | |

PLAINTIFF'S ORIGINAL COMPLANT

Plaintiff Wesley Hammonds files Plaintiff's Original Complaint against Defendants Clinton Rawls ("Rawls") and Dale Brown, Inc. ("Dale Brown") (together "Defendants") and would show the Court as follows:

### l.  PARTIES

Plaintiff Wesley Hammonds is an individual resident of Wills Point, Van Zandt County, Texas. His driver's license number is *****137 and his social security number is ***-**-*676.

Defendant Clinton Rawls is an individual resident of Davis, Murray County, Oklahoma and may be served with process at 500 SB #14 Street, Davis, Oklahoma 73030.

Defendant Dale Brown, Inc. is a corporation doing business in Frisco, Denton County, Texas and may be served with process by serving its registered agent Wayne Brown at 405 N. Rockford Place, Ardmore, Oklahoma 73401.

## II. JURISDICTION AND VENUE

The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a).  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  Plaintiff Wesley Hammond is a citizen of Texas.  Defendant Clinton Rawls is a resident of Oklahoma.  Defendant Dale Brown, Inc. is a corporation incorporated under the laws of Oklahoma and is authorized and doing business throughout the state of Texas.

Venue is properly before this Court under 28 USC § 1391(a)(2), because a substantial part of the events giving rise to this clai occurred in Forney, Texas.

## III. FACTUAL BACKGROUND

This lawsuit arises out of a motor vehicle collision that occurred on Tuesday, August 13. 2019 at or near US Highway 80 within the city limits of Forney, Kaufman County, Texas. Plaintiff Wesley Hammonds was operating his vehicle eastbound on US Highway 80. Defendant Clinton Rawls was operating his 18-wheeler while in the course and scope of his employment with Dale Brown, Inc. under the FMCSA in the same lane, headed in the same direction.  Defendant Clinton Rawls failed to slow and/or stop, colliding hard with the back of Plaintiff's vehicle. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## IV. CAUSES OF ACTION

**A.    NEGLIGENCE - DEFENDANT CLINTON RAWLS**

At the time of the motor vehicle collision, Defendant Clinton Rawls was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more

of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

3. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

4. Defendant failed to operate his 18-wheeler at a safe speed; and

5. Defendant failed to have or apply all of his mental faculties because he was distracted by cell phone usage.

### B. GROSS NEGLIGENCE - CELL PHONE USE OF DEFENDANT CLINTON RAWLS

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant because Defendant's conduct was of such character as to constitute gross negligence. Defendant's actions in connection with the collision involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant had actual subjective knowledge of the risk involved but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when the Defendant chose to operate a vehicle while using a cell phone at the time of the collision.

### C. NEGLIGENT ENTRUSTMENT – DALE BROWN, INC.

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Dale Brown, Inc. was the owner of the vehicle driven by Defendant Clinton Rawls. Dale Brown, Inc. entrusted the vehicle to Defendant Clinton Rawls. Defendant Clinton Rawls was unlicensed, incompetent, and/or reckless and Dale Brown, Inc. knew or

should have known that Defendant Clinton Rawls was unlicensed, incompetent, and/or reckless.

Defendant Clinton Rawls's negligence on the occasion in question proximately caused the collision.

**D.    RESPONDEAT SUPERIOR – DALE BROWN, INC.**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Clinton Rawls was in the course and scope of his employment with Dale Brown, Inc. thereby making Dale Brown, Inc. liable under the doctrine of *Respondeat Superior*.

**E.    NEGLIGENCE – DALE BROWN, INC.**

Dale Brown, Inc. failed to properly train and/or supervise Defendant Clinton Rawls in order to prevent collisions such as the one in question.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## V.    DAMAGES

As a proximate result of Defendant's negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

  a.    Medical expenses in the past and future;

  b.    Lost wages in the past and loss of earning capacity in the future;

  c.    Physical pain and suffering in the past and future;

  d.    Mental anguish in the past and future; and

  e.    Physical impairment in the past and future.

## VI.  INTENT TO USE DEFENDANT'S DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## VII.  JURY DEMAND

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## VIII.  U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## IX.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendant for:

1. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2. Plaintiff's future medical expenses;

3. Plaintiff's lost wages in the past and loss of earning capacity in the future;

4. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

5. Plaintiff's disfigurement;

6. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

7. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

8. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

9. Interest on the judgment at the legal rate from the date of judgment;

10. Pre-judgment interest on Plaintiff's damages as allowed by law;

11. All costs of court; and

12. Such other and further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

**AK LAW FIRM**

By:   /s/ *Andrew D. Kumar*
**ANDREW D. KUMAR**
Texas Bar No. 24075913
Andrew@KumarFirm.com
**PULKIT MOUDGIL**
Texas Bar No. 24102254
Pulkit@KumarFirm.com
3501 Allen Parkway
Houston, Texas 77019
Telephone: 832-699-5559
Facsimile: 832-681-7333
E-Service: Service@KumarFirm.com

**ATTORNEYS FOR PLAINTIFF**